MARTIN L. FINEMAN, California State Bar No. 104413
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, California 94111-6533
Phone: (415) 276-6500
Fax: (415) 276-6599
E-mail: martinfineman@dwt.com

DAVID J. SHEIKH *(Pro Hac Vice pending)*
DINA M. HAYES *(Pro Hac Vice pending)*
JOSEPH A. CULIG *(Pro Hac Vice pending)*
NIRO, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
E-mail: sheikh@nshn.com
E-mail: hayes@nshn.com
E-mail: jculig@nshn.com

*Attorneys for Plaintiff*
*Morvil Technology, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORVIL TECHNOLOGY, LLC, | Case No. CV 10 3350 |
| Plaintiff, | |
| v. | MORVIL TECHNOLOGY, LLC'S COMPLAINT AND DEMAND FOR JURY TRIAL |
| ABLATION FRONTIERS, INC., MEDTRONIC ABLATION FRONTIERS LLC and MEDTRONIC, INC., | |
| Defendants. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Morvil Technology, LLC complains of defendants Ablation Frontiers, Inc., Medtronic Ablation Frontiers LLC and Medtronic, Inc., as follows:

### NATURE OF LAWSUIT

1.  This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code §§ 1, *et seq.* This Court has exclusive jurisdiction over the

1

Complaint and Demand for Jury Trial
Morvil Technology v. Ablation Frontiers, Inc., et al.

DWT 15108256v1 0085000-000149

1  subject matter of this Complaint under 28 U.S.C. § 1338(a).

## PARTIES AND PATENTS

2. Morvil Technology, LLC ("Morvil") is a limited liability company organized and existing under the laws of California and is located at 8755 Petite Creek Way, Roseville, California 95661.

3. Morvil owns all right, title and interest in, has the sole and exclusive right to enforce and has standing to sue and recover damages for infringement of United States Patent No. 5,383,917, issued on January 24, 1995 and entitled "Device and Method For Multi-Phase Radio-Frequency Ablation" ("the '917 patent" and attached as Exhibit A); United States Patent No. 5,620,481, issued on April 15, 1997 and entitled "Device For Multi-Phase Radio-Frequency Ablation" ("the '481 patent" and attached as Exhibit B); United States Patent No. 5,693,078, issued on December 2, 1997 and entitled "Device and Method For Multi-Phase Radio-Frequency Ablation" ("the '078 patent" and attached as Exhibit C); and United States Patent No. 7,151,964, issued on December 19, 2006 and entitled "Device and Method For Multi-Phase Radio Frequency Ablation" ("the '964 patent" and attached as Exhibit D), (collectively "the patents-in-suit"). The patents-in-suit are directed to the medical field of ablation treatments for biological tissues, such as the heart.

4. Ablation Frontiers, Inc. ("AFI") is a California corporation with its principal place of business at 2210 Faraday Avenue, Suite 100, Carlsbad, California 92008. AFI is registered to do business in California. AFI has made, used, marketed, sold and distributed the cardiac ablation products accused of infringement in this suit including, but not limited to, the "GENius," "PVAC," "T-VAC," "MASC" and "MAAC" products. AFI was acquired by Medtronic, Inc. on or about February 6, 2009 and, on information and belief, was reorganized into Medtronic Ablation Frontiers LLC.

5. Medtronic Ablation Frontiers LLC ("MAF") is a Delaware corporation with its principal place of business at 2210 Faraday Avenue, Suite 100, Carlsbad, California 92008. MAF is registered to do business in California. MAF has made, used, marketed, sold and distributed the cardiac ablation products accused of infringement in this suit including, but not limited to, the "GENius," "PVAC," "T-VAC," "MASC" and "MAAC" products.

2

Complaint and Demand for Jury Trial
Morvil Technology v. Ablation Frontiers, Inc., et al.                                                         DWT 15108256v1 0085000-000149

6. Medtronic, Inc. ("Medtronic") is a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432. Through its subsidiary MAF, Medtronic has made, used, marketed, sold and distributed the cardiac ablation products accused of infringement in this suit including, but not limited to, the "GENius," "PVAC," "T-VAC," "MASC" and "MAAC" products.

## JURISDICTION

7. This Court has personal jurisdiction over AFI, MAF and Medtronic by virtue of their acts of patent infringement, which have been committed in the State of California, and by virtue of their regular and systematic transaction of business in the State of California, including in this judicial district.

## VENUE

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## PATENT INFRINGEMENT

9. AFI has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(a) by at least making and using in the United States cardiac ablation systems that employ the inventions of one or more of the claims of the patents-in-suit including, but not limited to, the "GENius Multi-Channel RF Generator" with "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters.

10. AFI has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(f)(1) by supplying and/or causing to be supplied in or from the United States all or a substantial portion of components, uncombined in whole or in part, of cardiac ablation systems that employ the inventions of one or more claims of the patents-in-suit, including the "GENius Multi-Channel RF Generator" and "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters, and by actively and knowingly inducing the combination of these components outside the United States, resulting in cardiac ablation systems that employ the inventions of one or more claims of the patents-in-suit. For example, AFI trained hospital technicians and provided operating manuals that were used by the hospital technicians to assemble and use such components to employ the inventions of one or more of the claims of the patents-in-suit.

3

Complaint and Demand for Jury Trial
Morvil Technology v. Ablation Frontiers, Inc., et al.

DWT 15108256v1 0085000-000149

11.   AFI has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(f)(2) by supplying and/or causing to be supplied in or from the United States at least one component, uncombined in whole or in part, that is especially made or especially adapted for use in the inventions of one or more claims of the patents-in-suit and is not a staple article or commodity of commerce suitable for substantial noninfringing use, including the "GENius Multi-Channel RF Generator" and "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters.  This was done with AFI's knowledge that such components are especially made or adapted for use in the inventions of one or more claims of the patents-in-suit and with AFI's intent that such components be combined outside of the United States, resulting in cardiac ablation systems that employ the inventions of one or more of the claims of the patents-in-suit.

12.   MAF has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(a) by at least making and using in the United States cardiac ablation systems that employ the inventions of one or more of the claims of the patents-in-suit including, but not limited to, the "GENius Multi-Channel RF Generator" with "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters.

13.   MAF has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(f)(1) by supplying and/or causing to be supplied in or from the United States all or a substantial portion of components, uncombined in whole or in part, of cardiac ablation systems that employ the inventions of one or more claims of the patents-in-suit, including the "GENius Multi-Channel RF Generator" and "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters, and by actively and knowingly inducing the combination of these components outside the United States, resulting in cardiac ablation systems that employ the inventions of one or more claims of the patents-in-suit.  For example, MAF trains hospital technicians and provides operating manuals that are used by the hospital technicians to assemble and use such components to employ the inventions of one or more of the claims of the patents-in-suit.

14.   MAF has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(f)(2) by supplying and/or causing to be supplied in or from the United States at least one

4

Complaint and Demand for Jury Trial
Morvil Technology v. Ablation Frontiers, Inc., et al.

DWT 15108256v1 0085000-000149

component, uncombined in whole or in part, that is especially made or especially adapted for use in the inventions of one or more claims of the patents-in-suit and is not a staple article or commodity of commerce suitable for substantial noninfringing use, including the "GENius Multi-Channel RF Generator" and "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters. This supply has been made with MAF's knowledge that such components are especially made or adapted for use in the inventions of one or more claims of the patents-in-suit and with MAF's intent that such components will be combined outside of the United States, resulting in cardiac ablation systems that employ the inventions of one or more of the claims of the patents-in-suit.

15. At least through its subsidiary MAF, Medtronic has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(a) by at least making and using in the United States cardiac ablation systems that employ the inventions of one or more of the claims of the patents-in-suit including, but not limited to, the "GENius Multi-Channel RF Generator" with "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters.

16. At least through its subsidiary MAF, Medtronic has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(f)(1) by supplying and/or causing to be supplied in or from the United States all or a substantial portion of components, uncombined in whole or in part, of cardiac ablation systems that employ the inventions of one or more claims of the patents-in-suit, including the "GENius Multi-Channel RF Generator" and "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters, and by actively and knowingly inducing the combination of these components outside the United States, resulting in cardiac ablation systems that employ the inventions of one or more claims of the patents-in-suit. For example, Medtronic, at least through its subsidiary MAF, trains hospital technicians and provides operating manuals that are used by the hospital technicians to assemble and use such components to employ the inventions of one or more of the claims of the patents-in-suit.

17. At least through its subsidiary MAF, Medtronic has infringed one or more of the claims of the patents-in-suit under 35 U.S.C. § 271(f)(2) by supplying and/or causing to be supplied in or from the United States at least one component, uncombined in whole or in part, that is especially made or especially adapted for use in the inventions of one or more claims of the patents-

5

Complaint and Demand for Jury Trial
Morvil Technology v. Ablation Frontiers, Inc., et al.

DWT 15108256v1 0085000-000149

in-suit and is not a staple article or commodity of commerce suitable for substantial noninfringing use, including the "GENius Multi-Channel RF Generator" and "PVAC," "T-VAC," "MASC," and/or "MAAC" ablation catheters. This supply has been made with Medtronic's knowledge that such components are especially made or adapted for use in the inventions of one or more claims of the patents-in-suit and with Medtronic's intent that such components will be combined outside of the United States, resulting in cardiac ablation systems that employ the inventions of one or more of the claims of the patents-in-suit.

18. AFI's, MAF's and Medtronic's unlawful acts of infringement of the patents-in-suit will continue unless enjoined by this Court.

### NOTICE, KNOWLEDGE, AND WILLFULNESS

19. Morvil has complied with the marking and notice requirements of 35 U.S.C. § 287 with respect to the patents-in-suit to the extent applicable.

20. In December 1991, the then-pending application for the '917 patent and all future related applications and patents, including the patents-in-suit, were licensed to Eli Lilly and Company ("Lilly"). In 1994, Lilly spun off its Medical Devices Division under the name Guidant Corporation ("Guidant"). Guidant acquired Lilly's license to the patents-in-suit in connection with this transaction. Under this license, Guidant developed a multiphase radiofrequency cardiac ablation system that employed the patented technology. This system underwent extensive clinical testing, but was not commercialized.

21. The license to Guidant was terminated in 2002 when, due to financial constraints, Guidant discontinued its efforts to develop a commercial multiphase radiofrequency cardiac ablation system.

22. In December 2003, Dr. Jawahar Desai (one of the inventors identified on the patents-in-suit) made a presentation to Dr. Fred Morady on the cardiac ablation technology described and claimed in the patents-in-suit. Dr. Morady subsequently co-founded AFI.

23. AFI hired former employees of Guidant, including engineers who developed the Guidant multiphase radiofrequency cardiac ablation system that employed the patented technology, to develop cardiac ablation products and systems, including products and systems that are accused of

6

Complaint and Demand for Jury Trial
Morvil Technology v. Ablation Frontiers, Inc., et al.

DWT 15108256v1 0085000-000149

infringement in this suit.

24. In December 2007, Medtronic approached Dr. Desai regarding his patent rights in the field of cardiac ablation. This led to protracted negotiations between Dr. Desai and Medtronic about the possibility of Medtronic obtaining rights under the patents-in-suit. In the course of these negotiations, Dr. Desai informed Medtronic that the patents-in-suit cover the AFI cardiac ablation products and systems that are accused of infringement in this suit.

25. In February 2009, Medtronic acquired AFI for an initial payment of $225 million plus additional, future consideration. Following its acquisition of AFI, Medtronic continued to pursue the possibility of obtaining rights under the patents-in-suit.

26. On information and belief, Medtronic's acquisition of AFI included the purchase of assets and inventory, including the cardiac ablation products and systems that are accused of infringement in this suit.

27. AFI's, MAF's and Medtronic's infringement of the patents-in-suit has occurred with knowledge of the patents-in-suit and their direct application to the cardiac ablation products and systems accused of infringement in this suit. MAF, AFI and Medtronic have not taken steps to avoid infringement but, instead, have continued to infringe the patents-in-suit in an objectively reckless manner.

**PRAYER FOR RELIEF**

WHEREFORE, Morvil requests that a judgment be entered as follows:

1. A finding that AFI, MAF and/or Medtronic have infringed the patents-in-suit;

2. An award to Morvil of such damages as it can prove at trial against AFI, MAF and/or Medtronic sufficient to fully and adequately compensate Morvil for the acts of infringement by AFI, MAF, and/or Medtronic, said damages to be no less than a reasonable royalty;

3. An award to Morvil of increased damages for willful infringement, in accordance with 35 U.S.C. § 284, together with prejudgment interest;

4. An injunction prohibiting each of AFI, MAF and Medtronic, and all those acting in concert or participation with any or all of them, from further acts of infringement of the

7

patents-in-suit;

      5.    An award to Morvil of costs and its reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

      6.    Such other relief as this Court and the jury may determine to be proper and just.

Dated: July 29, 2010.

> NIRO, HALLER & NIRO
> DAVIS WRIGHT TREMAINE
>
> By: *[signature]*
>     Martin L. Fineman
>
> Attorneys for Plaintiff
> Morvil Technology, LLC

## JURY DEMAND

Morvil demands a trial by jury of all issues so triable.

Dated: July 29, 2010.

> NIRO, HALLER & NIRO
> DAVIS WRIGHT TREMAINE
>
> By: *[signature]*
>     Martin L. Fineman
>
> Attorneys for Plaintiff
> Morvil Technology, LLC

8

Complaint and Demand for Jury Trial
Morvil Technology v. Ablation Frontiers, Inc., et al.

DWT 15108256v1 0085000-000149