UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORVIL TECHNOLOGY, LLC,<br><br>                              Plaintiff,<br><br>  v.<br><br>ABLATION FRONTIERS, INC.; MEDTRONIC ABLATION FRONTIERS, LLC; and MEDTRONIC, INC.,<br><br>                              Defendants,<br>_____<br><br>AND RELATED COUNTERCLAIMS. | Civil No.   10-CV-2088-BEN (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENTS** |

**Relevant Dispute Background**

On April 4, 2012, counsel for all parties contacted the Court regarding a discovery dispute concerning Plaintiff Movril Technology, LLC's ("Morvil") Request for Production No. 21, which requests: "All documents constituting or relating to any patents or patent applications (United States or Foreign) issued to, assigned to or filed by MAF or on MAF's behalf that relate to any of the Accused Products and Services(or components thereof)." (Doc. No. 114 at 2.) Defendants Medtronic Ablation Frontiers, LLC and Medtronic, Inc. (collectively "Medtronic") objected thereto and on April 25, 2012 this Court held an on-the-record discovery hearing to attempt to iron out this dispute short of additional briefing. (Doc. No. 111.) Following the discovery hearing, the Court gave the parties an opportunity to resolve the dispute informally and held a status conference on May 2, 2012 in order for the parties to inform the Court whether they had

done so. (Doc. No. 112.) As the parties were unable to resolve the dispute, the Court issued a briefing schedule regarding the dispute. (Doc. No. 113.) On May 16, 2012, Morvil filed its motion to compel documents responsive to Morvil's Request for Production No. 21. (Doc. No. 114.) On May 23, 2012, Medtronic filed a response in opposition. (Doc. No. 116.)

**Discussion**

The on-the-record discovery hearing held on April 25, 2012 involved a lengthy discussion of the dispute with counsel. In preparation for this hearing, the Court reviewed the relevant cases provided to the Court and cited by both Morvil and Medtronic. At the hearing Medtronic agreed to produce all abandoned patent applications, and to date still so agrees. Medtronic proffered at the discovery hearing that there were 78 pending applications. Initially Medtronic agreed to produce those pending applications that discussed the Dr. Desai patents in suit. However, Morvil insisted on obtaining the basic titles and numbers of all 78 pending applications, to which Medtronic refused. Since the parties could not compromise, the Court ordered the parties to address four specific areas of inquiry, which constitute the balancing test that courts apply, given Medtronic's interest in maintaining the secrecy of these pending applications. (Doc. No. 113); *see, e.g.*, *Tristrata Tech., Inc. v. Neoteric Cosmetics*, *Inc.*, 35 F.Supp.2d 370, 372 (D.Del. 1998)(stating that factors to be considered include the relevance of the information sought, the availability of the information absent disclosure, the potential harm resulting from disclosure, and the availability of means to reduce the potential harm); *Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 562 (N.D. Cal. 2003).

In addressing the specific relevancy factor, Morvil contends that it seeks these pending applications to challenge positions Medtronic has taken in this case that may be inconsistent with admissions made in the patent applications related to the accused products. Morvil also seeks to view these applications in order to understand how Medtronic uses terms and technologies with respect to its patents in comparison to the terms and technologies of the exact same products accused of the infringement in this case. (Doc. No. 114 at 3.)

The Court notes that Morvil has not detailed specifically what positions it seeks to challenge nor what specific material issues for which it needs to understand terms and technologies. The Court finds these requests are too general and overbroad given the secrecy interest Medtronic has in its 78 pending applications. To order such discovery would in effect be giving Morvil all 78 applications to review for

relevant discovery that may be there. This Court is aware that Morvil is not required to point to specific evidence in the pending applications because it does not have access to them. However, Morvil is required to point to specific relevance that the pending applications have to its infringement suit. *See Aspex Eyewear, Inc. v. Elite Optik, Inc.*, 2002 WL 1592606, at *4 (E.D. Tx. July 17, 2002). Morvil's general requests do not meet this heightened relevancy standard.

Morvil also seeks to review the pending applications that mention the patents of Dr. Desai or any prior art reference relied on by Medtronic in its Invalidity Contentions. (Doc. No. 114 at 4.) During the April 25th discovery hearing Medtronic was willing to provide all pending applications that discussed Dr. Desai' s patents. The Court views this concession by Medtronic as an admission that such information is relevant to this case. The Court also finds this information directly relevant. Therefore, Medtronic is to provide those applications or relevant portions thereof that refer to the Dr. Desai patents.

In regards to Morvil's request to review pending applications that mention the prior art that Medtronic is relying on in its Invalidity Contentions, Medtronic counters in part that Morvil has not put forth even one patent application in the last 20 years that has discussed the 1980s prior art in a meaningful way that is relevant to this case. (Doc. 116 at 4.) If indeed these pending applications are consistent with Medtronic's contention, then Medtronic's secrecy interest in the applications is greatly lessened since few of the pending applications will contain the prior art in issue. The Court does find that Morvil has met its burden on the issue of relevancy as to its prior art requests. The Court orders Medtronic to provide pending patent applications or relevant portions thereof that reference any prior art relied on by Medtronic in its Invalidity Contentions.

The Court has considered the additional factors listed in its order and finds that the protective order entered in this case reduces any potential harm from the disclosures ordered herein. (*See* Doc. No. 47.)

**Conclusion**

For the reasons set forth above, the Court grants in part and denies in part Morvil's motion to compel. Medtronic is to produce the following no later than **June 22, 2012**:

1. The abandoned patent applications Medtronic agreed to produce;

///

///

2. Pending patent applications or relevant portions thereof that refer to the Dr. Desai patents; and

3. Pending patent applications or relevant portions thereof that reference any prior art relied on by Medtronic in its Invalidity Contentions.

**IT IS SO ORDERED**.

DATED: May 31, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge