FILED

13 APR 11 PM 2:28

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY M̲ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORVIL TECHNOLOGY, LLC,<br><br>                   Plaintiff,<br>vs.<br><br>MEDTRONIC ABLATION FRONTIERS, LLC and MEDTRONIC, INC.,<br><br>                   Defendants. | CASE NO. 10-cv-2088 BEN (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO RULE 12(b)(1)**<br><br>[Docket No. 130] |

Presently before the Court is Plaintiff's Motion to Dismiss Counterclaims Pursuant to Rule 12(b)(1). (Docket No. 130.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Morvil Technology, LLC's First Amended Complaint (the operative complaint) alleges infringement of U.S. Patents 5,383,917 ("the '917 patent"), 5,620,481 ("the '481 patent"), 5,693,078 ("the '078 patent"), and 7,151,964 ("the '964 patent") by Defendants Medtronic Ablation Frontiers, LLC and Medtronic, Inc.'s cardiac ablation products. (First Amend. Compl. [Docket No. 33] ¶¶ 7-9, 12-17.) Defendants brought counterclaims seeking a declaration that these patents were invalid and not infringed. (Answer & Counterclaim [Docket No. 39] ¶¶ 36-41.)

In its Preliminary Infringement Contentions, Plaintiff asserted infringement of

the following claims: claims 1, 4, 5, 6, 9, and 10 of the '917 patent; claim 1 of the '481 patent, claims 1, 2, and 3 of the '078 patent; and claims 1 and 2 of the '964 patent. (Pl.'s Prelim. Infringement Contentions [Docket No. 130-2], at 2.) In their Preliminary Invalidity Contentions, Defendants addressed only those claims asserted by Plaintiff. (Defs.' Prelim. Invalidity Contentions [Docket No. 130-3], at 1.)

On August 10, 2012, the Court issued the Claim Construction Order, construing disputed claims in the '917, '481, '078, and '964 patents. (Docket No. 123.) Based on the Claim Construction Order, Plaintiff decided to no longer assert infringement of the following claims: claims 1, 4, 5, 6, 9, and 10 of the '917 patent; claim 1 of the '481 patent, and claims 1 and 2 of the '964 patent. Plaintiff amended its Preliminary Infringement Contentions and served Final Infringement Contentions on September 10, 2012. In its Final Infringement Contentions, Plaintiff notified Defendants that it was no longer pursuing a claim of infringement for the '917, '481, and '964 patents. (*See* Pl.'s Final Infringement Contentions [Docket No. 130-4], at 2 ("In light of the August 10, 2012 Claim Construction Order, at this time Morvil is no longer asserting infringement of any claim of U.S. Patent Nos. 5,383,917 ('the '917 patent'), 5,620,481 ('the '481 patent'), or 7,151,964 ('the '964 patent'). Morvil expressly reserves the right to assert infringement of the '917 patent, '481 patent, and/or the '964 patent in the future should the Court's claim constructions be changed, amended, or otherwise modified, whether it be by this Court or on appeal.").) Plaintiff also expressly limited its infringement allegations to claims 1, 2, and 3 of the '078 patent. (*Id.* at 3.)

Defendants amended their Preliminary Invalidity Contentions and served Final Invalidity Contentions. Defendants' Final Invalidity Contentions alleged invalidity of all four patents. (*See* Defs.' Final Invalidity Contentions [Docket No. 130-5].)

Presently before the Court is Plaintiff's Motion to Dismiss Counterclaims Pursuant to Rule 12(b)(1). Plaintiff seeks dismissal of Defendants' counterclaims with respect to the '917, '481, and '964 patents.

## DISCUSSION

Article III of the Constitution grants federal courts the authority to adjudicate "Cases" and "Controversies." "[A]n 'actual controversy' must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (internal quotation marks omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks omitted).

*Streck, Inc. v. Research Diagnostic Systems, Inc.*, 665 F.3d 1269 (Fed. Cir. 2012), is controlling here. In *Streck*, the complaint alleged infringement of "one or more claims" of each of the patents at issue. *Id.* at 1284. The plaintiff later served its preliminary infringement contentions, which narrowed the scope of the claims at issue to fifteen claims. *Id.* The number of asserted claims was subsequently narrowed to nine claims. *Id.* The Federal Circuit found that the district court did not have jurisdiction over the unasserted claims because, before the court ruled on the parties' summary judgment motions or conducted trial, "both parties were on notice . . . that the scope of claims at issue was only a subset of the full patents-in-suit." *Id.*

Similarly, here, Plaintiff's amended Preliminary Infringement Contentions and Final Infringement Contentions both indicate that Plaintiff is no longer pursuing a claim of infringement for the '917, '481, and '964 patents. In addition, Defendants were on notice that Plaintiff was not longer asserting infringement of the '917, '481, and '964 patents well before any motions for summary judgment were filed or the final pretrial conference was scheduled to take place. Defendants have not shown that a justiciable case or controversy exists regarding the validity of the claims from the '917, '481, and '964 patents. Accordingly, the Court lacks subject matter jurisdiction over the unasserted claims.

Defendants cite two uncontrolling cases in support of their position, both of which are distinguishable from the present case. First, in *Knowles Electronics, LLC*

*v. Analog Devices, Inc.*, No. 11 C 6804, 2012 WL 1405735 (N.D. Ill. Apr. 23, 2012), the court based its ruling on both the parties' conduct in that case and the parties' history of prior litigation regarding similar patents. *Id.* at *2-3. No such prior litigation history is present here. Second, in *Shoulder Innovations, LLC v. Ascension Orthopedics, Inc.*, Civil No. 11-810, 2012 WL 2092379 (D. Del. June 8, 2012), the plaintiff wished to "maintain[] the ability [to] sue again in the future" without limitation. *Id.* at *2. Here, in contrast, Plaintiff indicates that it will re-assert the '917, '481, and '964 patents only if the claim construction order is later amended by this Court or modified on appeal.

In addition, Defendants argue that *Already, LLC v. Nike, Inc.*, a case involving trademark infringement and dilution, is controlling here. In *Nike*, the Supreme Court held that if a rights holder abandons its infringement claims in order to moot an invalidity counterclaim, it must prove "that it could not reasonably be expected to resume its enforcement efforts." 133 S. Ct. at 727 (internal quotation marks omitted).

Even assuming that *Nike* applies to patent cases, it is distinguishable from the present case. In *Nike*, the plaintiff voluntarily issued a Covenant Not to Sue and dismissed its claims with prejudice once the defendant counterclaimed for trademark invalidity. *Id.* at 725. The Covenant Not to Sue stated that the claims were dropped because they did not "warrant the substantial time and expense of continued litigation." *Id.* The Supreme Court invoked the voluntary cessation doctrine because of the concern that the plaintiff "could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful end." *Id.* at 727.

Here, on the other hand, Plaintiff declined to further assert the '917, '481, and '964 patents not because of the threat of Defendants' invalidity counterclaims or because of concerns over litigation expense, but rather because of the issuance of the Claim Construction Order that precludes a finding of infringement. Plaintiff's decision to no longer assert the '917, '481, and '964 patents does not invoke the concerns

addressed in *Nike*.

## CONCLUSION

Plaintiff's Motion to Dismiss Counterclaims Pursuant to Rule 12(b)(1) is **GRANTED**. Defendants' counterclaims with respect to the '917, '481, and '964 patents are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: April 11, 2013

HON. ROGER T. BENITEZ
United States District Judge